# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS BROWN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES PAROLE | : | |
| COMMISSION, | : | |
|     Defendant. | : | No. 09-2907 |

## **M E M O R A N D U M**

PRATTER, J.                                                                                                            DECEMBER 2, 2009

Amos Brown has sued the United States Parole Commission ("the Commission") for allegedly violating his rights guaranteed under the Fourteenth Amendment to the United States Constitution. U.S. CONST. AMEND. XIV. Mr. Brown was paroled on May 8, 2009, and he seeks $10,000 in money damages for each day subsequent to May 8 during which he was required by the Commission to reside at the Luzerne (Pennsylvania) Community Corrections Center ("the CCC").[1] Approximately three months after filing his Complaint in this matter (Docket No. 3), Mr. Brown filed a Motion for Summary Judgment (Docket No. 9).

The Commission seeks to dismiss Mr. Brown's Complaint on four grounds: (1) the Court lacks subject matter jurisdiction, because the Commission, which is a federal agency, has not waived sovereign immunity; (2) as a federal agency, the Commission is not a "person" within the meaning of 42 U.S.C. § 1983 or within the reach of Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and, therefore, it cannot be sued pursuant to either statutory or case law for

---

[1]     Mr. Brown alleges in his Complaint that he was assigned to the CCC for 120 days, and states in his Response to the Motion to Dismiss (Docket No. 11) that he was required to remain there for the duration (i.e., until September 5, 2009). Assuming that this is the case, the money damages he seeks would amount to approximately $1.2 million.

violating Mr. Brown's Fourteenth Amendment rights; (3) Mr. Brown cannot recover money damages from a federal agency; and (4) Mr. Brown has failed to state a claim on which relief may be granted, because the conditions that the Commission placed on his parole were in fact reasonable.

For reasons discussed below, the Court grants the Commission's Motion to Dismiss Mr. Brown's Complaint. The Commission has not responded to Mr. Brown's Motion for Summary Judgment, but because Mr. Brown's Complaint is properly dismissed, his Motion for Summary Judgment is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

For the purposes of this Motion to Dismiss, the facts alleged in the Second Amended Complaint are considered to be true. <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957). On that basis, the facts are as follows.

Prior to May 7, 2008, Mr. Brown was a parolee. On that date, his parole was revoked, and he was incarcerated "pursuant to a 8-12 months re-parole guideline [sic]."[2] On May 8, 2009, Mr. Brown was once again paroled, but was then "directed [by the Commission] to report to [the CCC] for 120 days." Mr. Brown claims that by "arbitrarily" ordering him to report to the CCC at the end of his 12-month incarceration – rather than granting him the relative liberty allegedly afforded to some other parolees – the Commission forced Mr. Brown to "endure conditions of confinement ... which clearly contradict the constitutional liberty of a parolee" [sic]. Mr. Brown

---

[2] Except where otherwise specified, all facts and quotations in this section are taken from the section of Mr. Brown's Complaint entitled "Statement of Claim."

2

says that although on parole, he was forced to spend 21 hours per day confined in the CCC, and was also prohibited from taking a "mobile job," including any position with a temporary employer or an employer without a land telephone line.

In addition, Mr. Brown claims that due to his confinement at the CCC, he was "deprived of the opportunity to pay last respects to his biological mother, who passed away on March 23, 2009" – and that as a result of being denied the right to attend her funeral, he currently suffers feelings of "anger, rage and hatred." In an affidavit filed with the Court (Docket No. 6), Mr. Brown asserts that a review of surveillance footage from the CCC will show Mr. Brown "often praying in the middle of the night for relief to prevent thoughts of anger and rage from turning into acts of violence" (Affidavit, pg. 3).

**DISCUSSION**

Mr. Brown's Complaint does not identify a statute or a theory of law to support his pursuit of damages for alleged violations of his Fourteenth Amendment rights. Because Mr. Brown is a pro se litigant, the Court construes his Complaint liberally;[3] and because no statute exists which empowers individuals to sue federal agencies directly for alleged constitutional violations,[4] the Court interprets the Complaint as presenting claims under both 42 U.S.C. § 1983, which creates a remedy to redress deprivation of a federally-protected right by a person acting under color of state law, and Bivens, which allows individuals to sue federal agents for damages

---

[3] Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("a document filed pro se is to be liberally construed") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

[4] Mierzwa v. U.S., 282 Fed. Appx. 973, 997 (3d Cir. 2008) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994)).

for violations of certain constitutional rights.[5]

The Court does not have subject matter jurisdiction over these claims. The United States cannot be sued without its explicit consent,[6] and sovereign immunity cannot be waived by federal agencies, including the Commission.[7] In all lawsuits filed against the United States, consent is a prerequisite for subject matter jurisdiction,[8] and because there has been no waiver in this case, the Court lacks subject matter jurisdiction over Mr. Brown's claims.[9]

---

[5] Mr. Brown's Complaint does not mention § 1983, but it was filed on a form designating his action as one raised under that statute. See also Smith v. Albert Einstein Med. Ctr., 2009 U.S. Dist. LEXIS 71403, *13 n.6 (E.D. Pa. 2009) (assuming that pro se plaintiff's constitutional and civil rights claims were brought under § 1983); Bishop v. Otero, 1995 U.S. Dist. LEXIS 6309, *7 (E.D. Pa. 1995) (assuming that pro se plaintiff's § 1983 claim against federal employees was in fact brought under Bivens).

[6] United States v. Mitchell, 463 U.S. 206, 212 (1983) ("it is axiomatic that the United States may not be sued without its consent").

[7] Settles v. United States Parole Comm'n, 429 F.3d 1098, 1105 (D.C. Cir. 2005).

[8] Mitchell, 43 U.S. at 212.

[9] Given that the Court lacks subject matter jurisdiction, it need not consider the Commission's additional arguments relating to Mr. Brown's ability to recover money damages against the Commission for alleged constitutional violations. Nor will the Court evaluate the reasonableness of the restrictions placed on Mr. Brown after he was paroled. However, it bears mention that the Commission's other arguments supporting dismissal are compelling.

**CONCLUSION**

The Commission's Motion to Dismiss is granted. Because the Court lacks jurisdiction to hear Mr. Brown's claim, Mr. Brown's Motion for Summary Judgment is denied. An appropriate Order follows.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE